J-S20016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                      :           PENNSYLVANIA

                  Appellee         :

                        :

                v.                :

                        :

TESHAWN AKEEM CLARKE         :

                        :

            Appellant        :        No. 1542 MDA 2020

Appeal from the Judgment of Sentence Entered October 5, 2020
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003212-2019

BEFORE: NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:              **FILED AUGUST 26, 2021**

Appellant, Teshawn Akeem Clarke, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his open guilty plea to criminal conspiracy to commit robbery, and theft by unlawful taking.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On September 15, 2020, Appellant entered a guilty plea in an unrelated case to possession of a firearm with an altered manufacturer (serial) number. On February 18, 2020, Appellant entered an open guilty plea in this case to conspiracy to commit robbery and theft. On October 5, 2020, the court sentenced Appellant, with the benefit of a presentence investigation report

---

[1] 18 Pa.C.S.A. §§ 903 (section 3701(a)(1)(ii) related), and 3921(a), respectively.

("PSI"), to 12 to 36 months' imprisonment for the conspiracy conviction, and a concurrent 6 to 12 months' imprisonment for theft. The court imposed the conspiracy sentence consecutive to Appellant's sentence on the unrelated firearms docket.

Appellant attempted to file a timely post-sentence motion on October 15, 2020. Due to a technical issue in the PACFile system, however, that motion was not docketed until October 19, 2020. Appellant sought leave to file the post-sentence motion *nunc pro tunc*, and the court granted Appellant relief. On October 21, 2020, Appellant timely filed his post-sentence motion *nunc pro tunc*. Following a hearing, on November 4, 2020, the court granted in part, and denied in part, the post-sentence motion. Specifically, the court granted Appellant's request to reduce his maximum sentence for conspiracy, and the court amended that sentence to 12 to 24 months' imprisonment. The court denied all other requests for relief in the post-sentence motion.

Appellant timely filed a notice of appeal on November 17, 2020. On November 23, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors, and Appellant timely complied.

As a preliminary matter, counsel seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009). ***Anders*** and ***Santiago*** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record,

counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> *        *        *
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel has filed a petition to withdraw. The petition states that counsel has conducted a conscientious review of the record and determined that the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. Accordingly, we proceed to an independent evaluation of the issues raised in the **Anders** brief. **See Palm, supra**.

Counsel raises the following issue on Appellant's behalf:

Whether the trial court abused its discretion in failing to run sentences concurrently rather than consecutively.

(**Anders** Brief at 1).

Appellant argues that "the trial court abused its discretion in failing to sentence him to concurrent rather than consecutive sentences." (**Id.** at 6). Appellant complains the court should not have imposed his conspiracy sentence consecutive to his sentence at the unrelated firearms docket. Appellant insists the court's imposition of consecutive sentences created an excessive sentence. As presented, Appellant's claim challenges the discretionary aspects of his sentence.[2] **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); **Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing

---

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his... sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." **Id.** at 363 n.1. Here, Appellant's guilty plea did not include a negotiated sentence.

issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be

evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. ***Id.*** at 435, 812 A.2d at 627. Additionally,

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Austin, supra*** at 808 (internal citations and quotation marks omitted).

Instantly, Appellant raised his sentencing claim in his timely-filed post-sentence motion *nunc pro tunc* and he filed a timely notice of appeal. Appellant also included the requisite Rule 2119(f) statement. (***See Anders*** Brief at 3). Nevertheless, Appellant's bald allegations of excessiveness and his challenge to the imposition of consecutive sentences do not raise

substantial questions warranting our review. *See Mouzon, supra*. *See also Austin, supra*. Following our independent review of the record, we confirm the appeal is wholly frivolous. *See Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/26/2021